IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITY NATIONAL INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JESS AMCHIN, et al. | : | NO. 15-750 |

MEMORANDUM ORDER

AND NOW, this 25th day of August 2015, it is hereby ORDERED as follows:

1. Upon consideration of the Federal Deposit Insurance Corporation's ("FDIC") Motion to Intervene (Doc. No. 45), Plaintiff Security National Insurance Company's Response in Opposition (Doc. No. 57), the FDIC's Reply in Support (Doc. No. 63), and Plaintiff's surreply (Doc. No. 70), it is hereby ORDERED that the Motion is GRANTED. The FDIC shall be added as a Defendant in this matter.

2. Upon consideration of Defendants Jess Amchin, Parag Amin, Michael Brenner, Craig Ginsberg, Marshall Granor, Gayla McClusky, Mehul Patel, and Anil Patel's ("Bank Directors") Motion to Dismiss for Failure to Name a Necessary Party, or in the Alternative to Stay Action (Doc. No. 28), in which Defendant Lawrence Isaacman has joined (Doc. No. 33), Defendant Thomas Mennie has joined (Doc. No. 41), Defendants John Hain, Sr., Suzanne Weisberg, Matthew Godshall, and Kevin Gehring have joined (Doc. No. 42), Defendant Jennifer Lee has joined (Doc. No. 46), Defendant Russell Carlow has joined (Doc. No. 73), and Defendant Harry McElhone has joined (Doc. No. 80); Defendant Donna Baer's Motion to Dismiss (Doc. No. 34); Defendant David Margulies's Motion to Dismiss (Doc. No. 40); Defendant David Bezar's Motion to Dismiss (Doc. No. 44); Defendant Daniel O'Brien's Motion to Dismiss (Doc. No. 82); Plaintiff's Response in Opposition (Doc. No. 48); and the Bank Director's Reply (Doc. No. 56), it is hereby ORDERED that the Motions are DENIED AS MOOT.

3. Upon consideration of the Stipulation filed by Defendant Daniel O'Brien and Plaintiff Security National (Doc. No. 86), it is hereby ORDERED that the Stipulation is APPROVED.

I.    Factual Background

Given the posture of the pending motions, only a brief overview of the facts of this case is necessary. At issue in this case is the scope of a Directors and Officers insurance policy ("D&O

1

policy") that Vantage Bank ("the Bank") purchased from Plaintiff Security National Insurance Company. (See Compl. ¶¶ 34–36.) The Bank purchased the Extended Reporting Period ("ERP") on December 3, 2013, after declining to renew the policy. (Compl. ¶¶ 36–37.) The ERP policy period ran from December 8, 2013 to December 8, 2014. (Compl. ¶ 39.) On February 28, 2014, the Pennsylvania Department of Banking and Securities closed the Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the Bank, due to alleged unsound practices and a failure to meet minimum capital requirements. (Compl. ¶¶ 40–42.) On November 24, 2014, the FDIC issued a demand letter to the Bank's directors and officers named in this Complaint asserting claims "for negligence, gross negligence and breaches of fiduciary duties" and demanding payment in the amount of $9 million. (Compl. ¶¶ 44–54.) Defendants Jess Amchin, Parag Amin, Michael Brenner, Craig Ginsberg, Marshall Granor, Lawrence Isaacman, Gayla McClusky, Mehul Patel, Anil Patel, David Bezar, Donna Baer, Kevin Gehring, David Margulies, Thomas Mennie, and Suzanne Weisberg notified Security National of the FDIC's claims by December 4, 2014, but the other officers and directors did not.[1] (Compl. ¶¶ 56–60.) Plaintiff seeks a declaratory judgment that none of the directors and officers are entitled to coverage under the policy for the FDIC claim because (1) the claim was not first made within the D&O or ERP policy period; (2) the claim was made after coverage automatically terminated, when the Bank ceased to engage in an active banking business in February 2014 and the state appointed the FDIC as receiver for the Bank; and (3) the insured versus insured exclusion bars coverage for the FDIC claim. (See Compl.)

---

[1] Defendant Daniel O'Brien was previously listed in Paragraph 59 of the Complaint and described in Paragraphs 129–33 as a non-reporting officer, but these allegations have been stricken as to O'Brien according to the joint Stipulation filed August 5, 2015. (See Doc. No. 86.)

The FDIC, as receiver for Vantage Bank since February 2014, filed a motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) and Federal Rule of Civil Procedure 19, or, in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b)(2)(A). Plaintiff responded, the FDIC filed a reply, and Plaintiff filed a surreply.[2] The Motion is thus ripe for our review.

II.     Intervention as a Matter of Right

The FDIC first asserts that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Third Circuit has broken this rule into four elements, concluding that intervention is required if "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987). The party seeking to intervene has the burden of establishing that these four elements are met. Id. "Although these requirements are intertwined, each must be met to intervene as of right." Id.

Two elements are at issue regarding the FDIC's application: whether the FDIC has a sufficient interest in this litigation, and whether this interest is adequately represented by existing

---

[2]  Meanwhile, many of the defendants filed Motions to Dismiss for failure to join a necessary party, arguing that Plaintiff should have named the FDIC as a defendant in this matter because of the FDIC's position as receiver for the Bank. Because we grant the FDIC's motion to intervene, the motions to dismiss are rendered moot, and we deny them as such.

3

parties.[3] Because we conclude that the FDIC does not have a sufficient interest in this matter to

support intervention as a matter of right, we do not reach the question of whether its interest is

adequately represented by the existing parties.

The FDIC puts forth multiple interests that it argues are relevant to its participation: its

economic interest in the policy on behalf of Vantage Bank's creditors, its interest in the policy as

an asset in the receivership, its role as a government agency implementing a broad regulatory

scheme, and its interest in developing "a uniform body of case law" in similar cases around the

country. (See FDIC Br. 8–10.) Security National responds that the FDIC's economic interest in

potential recovery from the insurance policy is insufficient to support a motion to intervene, and

that none of the FDIC's other asserted interests would otherwise be sufficient to justify

intervention. (Pl.'s Resp. 4–9.)

The Third Circuit's case law concerning what constitutes a protectable interest for the

purpose of a Rule 24(a)(2) motion to intervene demonstrates the fact-specific nature of the inquiry.

The Third Circuit has described the parameters of a sufficient interest for intervention as follows:

> While the precise nature of the interest required to intervene as of right has eluded precise
> and authoritative definition, some general guidelines have emerged . . . . An intervenor's
> interest must be one that is significantly protectable. This means that the interest must be a
> legal interest as distinguished from interests of a general and indefinite character. The
> applicant must demonstrate that there is a tangible threat to a legally cognizable interest to
> have the right to intervene. This interest is recognized as one belonging to or one being
> owned by the proposed intervenors . . . . In general, a mere economic interest in the
> outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact
> that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does
> not give the third party a right to intervene . . . . While a mere economic interest may be

---

[3] The other elements are easily met. The application is clearly timely, as the motion to intervene
was filed only shortly after this case began, and the Court has held no hearings or conferences on
this case. (See Pl.'s Resp.) That the FDIC's interest may be affected is certainly true; to the extent
that the FDIC has an economic interest in recovering from the bank directors, coverage under
Plaintiff's policy is likely to control the amount they are able to recover in a successful suit.

insufficient to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund. Thus, when a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit.

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220–21 (3d Cir. 2005) (quoting Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir.1995)). In Treesdale, the Third Circuit considered whether claimants alleging bodily injury from asbestos exposure could intervene in a declaratory judgment action in which the insurer sought a determination of the monetary amount of its obligation under an umbrella policy. Id. at 219. The Treesdale court concluded that a potential plaintiff's interest in a declaratory judgment suit to determine insurance coverage was too attenuated to support intervention. The Treesdale court first distinguished Mountain Top, in which the intervening party sought to preserve its interest in an escrow fund containing the proceeds of an insurance payout, on the basis that a fixed fund differs in nature from the "fund" at issue in a coverage dispute. Id. at 221–22.The court concluded that a tort claimant does not have a legally protectable interest in an insurance coverage declaratory judgment action between an insurer and the insured, against whom the claimant has a claim, because such an interest is purely economic. Id. at 222. Thus, the claimant was not entitled as a matter of right to intervene in the declaratory judgment action.

Courts within the Third Circuit have disagreed about the scope of Treesdale. See Employers Mut. Cas. Co. v. Burke Landscaping, Inc., No. 13-4043, 2014 WL 981195, at *2 n.3 (E.D. Pa. March 13, 2014) (noting "some recent disagreement in the Eastern District as to whether injured parties' financial interest in insurance disputes renders them required parties pursuant to Federal Rule 19(a)(1)(B)" based on Treesdale). But Treesdale indisputably stands for the proposition that an injured party is not entitled to intervene as a matter of right under Rule 24(a) in

a declaratory judgment action over an insurance policy. See, e.g., Brotherhood Mut. Ins. Co. v. Salem Baptist Church of Jenkintown, No. 10-7072, 2012 WL 1526851, at *3 (E.D. Pa. Apr. 30, 2012) (denying Rule 24(a) intervention under Treesdale but ordering Rule 19 joinder of an injured third party in a declaratory judgment insurance action); Hartford Cas. Ins. Co. v. Cardenas, 292 F.R.D. 235, 240 (E.D. Pa. 2013) (concluding that Treesdale precludes both intervention and Rule 19 joinder of an injured third party). Thus, the FDIC's economic interest in the D&O policy is not a sufficient interest for intervention as a matter of right. That the FDIC's economic interest is asserted on behalf of third party creditors and shareholders of the bank does not change this analysis; the fundamental nature of the interest is not legally sufficient for intervention.

Turning to the FDIC's other asserted interests, we conclude that they also do not constitute interests upon which the FDIC would be entitled to intervene under Rule 24(a)(2). First, we are not persuaded that the FDIC's interest based on its role as a government entity charged with managing the receivership and "acting in furtherance of a broad regulatory scheme" (see FDIC's Reply 2) is meaningful in this context. Such an interest is not sufficiently definite to provide a basis for intervention as of right. See Kleissler v. U.S. Forest Serv., 157 F.3d 964, 972 (3d Cir. 1998) (noting that "intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated."). The FDIC offers only one case as support of its public policy interest, in which the Fifth Circuit held that the FDIC's "broader interest in protecting the proper and consistent application of the Congressionally designed framework to ensure the safety and integrity of the federal deposit insurance system" supported intervention as of right. See Heaton v. Monogram Credit Card Bank of Georgia, 297 F.3d 416, 424 (5th Cir. 2002). We do not find

6

Heaton persuasive in light of the Third Circuit's approach to the first element of the mandatory intervention inquiry. Although our Court of Appeals has described its standard as "nebulous," it is clear that some direct and specific interest is necessary. See Kleissler, 157 F.3d at 969–72.

Similarly, the FDIC's interest in "ensuring correct precedent" is not a sufficient interest for mandatory intervention under Rule 24(a)(2). The FDIC cites various cases in which insured versus insured exclusions are being litigated across the country. (FDIC Br. 10, 13.) But the fact that the FDIC desires a certain outcome because of the legal precedent it would set regarding an underlying issue does not alone give it a legal interest in the litigation such that it is entitled to be involved. That interest is too attenuated to provide a foundation for intervention as of right.

We understand the FDIC to also argue that it has an interest in the outcome of this case as to the interpretation of the specific policy at issue, because that policy may also be at issue in future actions involving the FDIC as succeeding to the Bank's rights. As to the FDIC's argument about setting precedent as related to the specific contract at issue, we find the court's reasoning in Alpha Pro Tech, Inc. v. VWR Int'l LLC persuasive. 984 F. Supp. 2d 425, 460 (E.D. Pa. 2013). In that case, the district court determined that a joint tortfeasor's interest in "preventing the creation of precedent that may be used against it" was insufficient to render the absent party necessary under Rule 19. Id. at 457–60. The FDIC argues that Alpha Pro Tech is inapt because it involved joint tortfeasors (FDIC Reply 3), but the analogy holds to the extent that a party's interest in a hypothetical future case cannot constitute sufficient grounds for participation. Alpha Pro Tech, 984 F. Supp. 2d at 459 (reasoning that "the only risk [the absent party] is exposed to by any of this litigation is that [the present party] will be found liable and will in turn sue [the absent party] as a joint tortfeasor"). Any determination in this case—including one that is unfavorable to the

7

FDIC—would not be binding against the FDIC in any supposed future litigation over the scope of the policy. Cf. Montana v. United States, 440 U.S. 147, 153–54 (1979). To otherwise conclude that the FDIC may intervene as a matter of right on this basis would bloat the meaning of "interest" under Rule 24(a). Cf. Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 407 (3d Cir. 1993) (noting that "we are not inclined to hold that any potential effect [stare decisis] may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever 'feasible.' Such a holding would greatly expand the class of 'necessary' or compulsory parties Rule 19(a) creates."). Thus, the FDIC's interests in the precedent that this case will create are insufficient grounds for mandatory intervention under Rule 24.

  III.  Permissive Intervention

  The FDIC argues in the alternative that the Court should permit it to intervene under Rule 24(b)(2). That Rule provides that "On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2). The Third Circuit described an earlier, substantially similar version of the rule as "mak[ing] specific provision for intervention by governmental agencies interested in statutes, regulations, or agreements relied upon by the parties in the action." Halderman v. Pennhurst State Sch. & Hosp., 612 F.2d 84, 92 (3d Cir. 1979) rev'd on other grounds, 451 U.S. 1 (1981). See Fed. R. Civ. P. 24 advisory committee's notes. "The rule requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest." Metro Transp. Co. v. Balboa Ins. Co., 118 F.R.D. 423, 424 (E.D. Pa. 1987) (citing 7C Wright & Miller, Fed. Prac. &

Proc. § 1913 (3d ed.)). Indeed, even before Rule 24 was amended to provide for the intervention of a government agency or officer in an action in which a party relies on a statute that the governmental entity administers, the Supreme Court sanctioned intervention by the government when appropriate and useful to advance the public interest. See 7C Wright & Miller, Fed. Prac. & Proc. § 1912 (3d ed.) (discussing Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co., 310 U.S. 434 (1940)).

The FDIC seeks permissive intervention based on its position under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821. Specifically, the FDIC has certain powers as receiver for the Bank, pursuant to 12 U.S.C. § 1821(d). The FDIC argues that these varied powers are relevant to the determination of whether the policy's insured versus insured exclusion will apply to any claims that the FDIC asserts against the directors. (See FDIC's Reply 8.) The FDIC asserts that "the FDIC's multiple capacities as receiver has been the basis for numerous courts to find the insured v. insured exclusion inapplicable in similar cases." (Id.) Thus, according to the FDIC, FIRREA is the foundation for at least some issues central to this case.

Plaintiff argues that the claims and defenses in this case are not "based on" FIRREA. (See Pl.'s Resp. 13.) According to Plaintiff, the policy language is the core of this dispute, and the statute is relevant only "in arguing about how the terms of the Policy should be applied in this case." (Id.) We find this to be a distinction without a difference. The insured versus insured claim in Paragraphs 102–07 of the Complaint regards the position of the FDIC as a successor to the Bank. Of course, this claim turns on the language of the insured versus insured provision of the policy, reproduced in Paragraph 86 of the Complaint. But the position and rights of the FDIC as

receiver for the Bank are critical to this claim as well. In the Complaint itself, Plaintiff alleges that the succession of the FDIC to the rights and interests of the Bank is what excludes the FDIC's claim against the directors from coverage. (See Compl. ¶¶ 102–07.) FIRREA is the predicate for the FDIC's succession. Thus, FIRREA is sufficiently central to the insured versus insured dispute in the case that the parties' claims and defenses are reasonably "based on" that statute.

Plaintiff also argues that, although the FDIC "might have some interest or curiosity in how that statute is applied," it does not "administer" the statute for the purposes of Rule 24(b). (See Pl.'s Resp. 14.) The particular statutory section that is foundational to the insured vs. insured issue is the FIRREA subsection entitled "Powers and duties of Corporation as conservator or receiver." See 12 U.S.C. § 1821(d). This subsection provides the FDIC with various powers and privileges in carrying out the receivership, including rulemaking, operation of the financial institution, liquidation, and reorganization. Indeed, 12 U.S.C. § 1821(c) specifies "that the Corporation shall not be subject to the direction or supervision of any other agency or department of the United States or any State in the exercise of the Corporation's rights, powers, and privileges" as conservator or receiver for a bank. See 12 U.S.C. § 1821(c)(2)(C). Evidently, the FDIC's direction is paramount for the administration of the statutory section upon which it bases its argument for permissive intervention. Therefore, it can fairly be said that the FDIC "administers" that statute.

Finally, we consider whether the intervention of the FDIC "will unduly delay or prejudice the adjudication of the original parties' rights." See Fed. R. Civ. P. 24(b)(3). As the Third Circuit recently noted in an unpublished decision, this inquiry turns on whether atypical effects would result from a party's intervention. See Appleton v. C.I.R., 430 F. App'x 135, 138 (3d Cir. 2011) (noting that "any introduction of an intervener in a case will necessitate its being permitted to

actively participate, which will inevitably cause some 'delay.' 'Undue' means not normal or appropriate."). There is no indication that the intervention of the FDIC will inappropriately delay the adjudication of this case; the FDIC has moved to intervene at the nascent stage of this case, and nothing in the FDIC's submissions indicates that the agency's litigation practice is dilatory, despite Plaintiff's implication otherwise (see Pl.'s Surreply 9). Similarly, we see no indication that the FDIC's involvement will prejudice the adjudication of the original parties' rights. Instead, the Court anticipates that the FDIC's expertise in these matters will elucidate the issues in this case and assist the adversarial process, particularly in light of the number of individual defendants involved in this matter and the FDIC's unique position as a government agency. We therefore conclude that the FDIC may intervene.

As we have resolved the question of intervention in favor of adding the FDIC as a defendant, Defendants' motions to dismiss for failure to join a necessary party are rendered moot.

Conclusion

For the foregoing reasons, the Federal Deposit Insurance Corporation's ("FDIC") Motion to Intervene (Doc. No. 45) is GRANTED and the FDIC shall be added as a defendant in this matter. Defendants Jess Amchin, Parag Amin, Michael Brenner, Craig Ginsberg, Marshall Granor, Gayla McClusky, Mehul Patel, and Anil Patel's Motion to Dismiss for Failure to Name a Necessary Party, or in the Alternative to Stay Action (Doc. No. 28), in which Defendant Lawrence Isaacman had joined (Doc. No. 33), Defendant Thomas Mennie has joined (Doc. No. 41), Defendants John Hain, Sr., Suzanne Weisberg, Matthew Godshall, and Kevin Gehring have joined (Doc. No. 42), Defendant Jennifer Lee has joined (Doc. No. 46), Defendant Russell Carlow has joined (Doc. No. 73), and Defendant Harry McElhone has joined (Doc. No. 80); Defendant Donna

Baer's Motion to Dismiss (Doc. No. 34); Defendant David Margulies's Motion to Dismiss (Doc.

No. 40); Defendant David Bezar's Motion to Dismiss (Doc. No. 44); and Defendant Daniel

O'Brien's Motion to Dismiss (Doc. No. 82) are DENIED AS MOOT.

                                                    BY THE COURT:

                                                    /s/ Legrome D. Davis

                                                    Legrome D. Davis, J.